IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN ANTOINE,            )<br>                                         )<br>          Plaintiff,              )<br>                                         )<br>vs.                                    )<br>                                         )<br>ALAN UCHTMAN, ANDREW N. )<br>WILSON, CHARLES E. McELYEA, )<br>TIMOTHY MANNING and MICHAEL R. )<br>LOCKE,                              )<br>                                         )<br>          Defendants.         ) | CIVIL NO. 06-207-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

This action arises from a disciplinary proceeding that occurred in January 2005. Another inmate had done some art work for Plaintiff; in exchange, Plaintiff compensated that inmate with a box of cigarettes and three boxes of cigars. A third inmate, Swafford, held possession of those items because Plaintiff was afraid he would receive a disciplinary ticket from Defendant McElyea for trading and trafficking. Swafford was shaken down in the dining hall by McElyea, and the smoking materials were discovered. Plaintiff overheard this exchange; he told McElyea that the material belonged to him and explained why Swafford had possession of the material. The materials were confiscated, and each inmate received a disciplinary ticket. Plaintiff was found guilty of one charge – violation of rules – and was punished with one month in segregation, one month reduction to C-grade, and one month loss of commissary privilege. Following a series of grievances, though, the disciplinary ticket was eventually expunged, but not before Plaintiff had been subjected to the various punishments handed down by the Adjustment Committee.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive

than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Plaintiff also complains, vaguely, that this disciplinary incident occurred out of retaliation for two grievances he filed against Defendants McElyea and Manning for making racial and homosexual comments. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

According to the complaint, the incident with Manning occurred on January 4, 2005, while the incident with McElyea occurred on January 7, 2005, but Plaintiff states that he did not file a

grievance over these incidents until January 22.[1]  Interestingly, though, the incident involving Swafford that gave rise to the disciplinary ticket also occurred on January 7.  Logic dictates that the disciplinary ticket could not have been issued out of retaliation for grievances that had not yet been filed; therefore, Plaintiff's retaliation claim is without merit.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated:   June 18, 2007.**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**

---

[1] Plaintiff has included documents related to these grievances as part of his complaint.  One grievance, #137-2-5 (Doc. 1-4, p. 3) complained of a homosexual comment made by Manning and a racial slur uttered by McElyea; another grievance, #152-3-05 (Doc. 1-4, p. 7) complained of verbal harassment by two other officers.